```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 06 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
The New York City District Council of Carpenters,          :
                                                           :
                         Plaintiff,                        :
                                                           :          13 Civ. 07480 (AJN)
          -v-                                              :
                                                           :          <u>ORDER</u>
Pisos Contracting Inc.,                                    :
                                                           :
                         Defendant.                        :
-------------------------------------------------------------------- X

ALISON J. NATHAN, District Judge:

      Before the Court is Plaintiff's motion for summary judgment requesting that the Court confirm an arbitration award against Defendant Pisos Contracting Inc. ("Pisos"). Although Pisos has not appeared in this action and the motion is unopposed, the Court must still assess whether summary judgment is warranted. *Cf. D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006) (noting that default judgment proceedings are generally inappropriate in confirmation proceedings); *see also New York City Dist. Council of Carpenters Pension Fund v. Metro. Millwork & Installations, Inc.*, No. 10-cv-5177, 2012 U.S. Dist. LEXIS 88467, at *14-16 (S.D.N.Y. June 5, 2012); *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Premium Sys.*, No. 12-cv-1749, 2012 U.S. Dist. LEXIS 117506, at *7-12 (S.D.N.Y. Aug. 17, 2012) (noting that even where a summary judgment motion is unopposed, the district court must still assess the merits of the motion to determine the movant's entitlement to summary judgment). Plaintiff brings this action under the Employee Retirement Income Security Act of 1974, Section 502(a)(3), and under the Labor Management Relations Act of 1947, Section 301, and the Court therefore has subject matter jurisdiction. *See Premium Sys.*, 2012 U.S. Dist.

LEXIS 117506, at *6.

"Confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co*, 462 F.3d at 110 (quotation marks and citations omitted). "The arbitrator's rationale for an award need not be explained," and "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *Id.* (quotation marks and citations omitted).

### I.   BACKGROUND

In 2001, Pisos and Plaintiff entered into a collective bargaining agreement ("CBA") that was twice extended and, based on the record before the Court, was in effect during the time period relevant to the dispute underlying this action. (Turetskaya Decl. Ex. B). Pursuant to that agreement, disputes arising between the parties were subject to arbitration. (Turetskaya Decl. Ex. B at Art. XI(H)). A dispute arose relating to a grievance that was filed alleging that Pisos paid "incorrect wages and benefits" to a member of the union covered by the CBA. (Turetskaya Decl. Ex. C).

An arbitration hearing was set for October 3, 2013. (Turetskaya Decl. Ex. B). Pisos failed to appear at that hearing and the arbitrator found Pisos to be in default. (Turetskaya Decl. Ex. A). The arbitrator heard testimony and took evidence, and then found that Pisos violated the CBA in failing to notify the Plaintiff of certain carpentry work performed in late 2009 and early 2010 and in failing to pay contract wages to an individual. (Turetskaya Decl. Ex. A). The arbitrator awarded $15,367.95 in wages and $22,440.40 in fringe benefits, and also required Pisos to pay half of the arbitrator's $1,900 fee, amounting to $950. (Turetskaya Decl. Ex. A).

Finally, the arbitrator provided that "if Pisos fails to satisfy the aforementioned remedies and counsel for the Union is required to enforce the terms of this award in court, the Employer will be liable to pay the Union's related attorney fees in the amount of Two Thousand Five Hundred & 00/100 dollars ($2,500.00)." (Turetskaya Decl. Ex. A).

## II.  ANALYSIS

Viewed under the lenient standard discussed above, the Court confirms the arbitration award as to the arbitrator's award of wages, fringe benefits, and the arbitrator's fee. The award cites to the CBA and the evidence taken at the hearing and makes a finding that Pisos violated the CBA in failing to pay the relevant wages and fringe benefits. (Turetskaya Decl. Ex. A; *see also* Turetskaya Decl. Ex. B at Art. VI and XI (requiring the payment of wages and fringe benefits)). Likewise, the CBA provides that the arbitrator's fee shall be split between the parties. (Turetskaya Decl. Ex. A; *see also* Turetskaya Decl. Ex. B at Art. XI(H)). There is at least a "barely colorable" justification for these components of the arbitrator's award. *See, e.g., Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. TNT Contr. & Consulting*, Inc., No. 12-cv-0008, 2012 U.S. Dist. LEXIS 20539, at *3-4 (S.D.N.Y. Feb. 17, 2012); *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Nport Constr. Corp.*, No. 11-cv-6263, 2012 U.S. Dist. LEXIS 2923, at *3-5 (S.D.N.Y. Jan. 10, 2012).

Plaintiff also requests that they be awarded their actual attorney's fees and costs, in the amount of $2,604.07, and an additional $2,500 in attorney's fees based on the arbitration award. (Mot. at 6). The request for the attorney's fees and costs actually incurred is supported by the CBA (Turetskaya Decl. Ex. B at Art. XI(G) (providing for the recovery of reasonable attorney's fees and costs)) and the Court's equitable authority, and is adequately justified by the Plaintiff's

3

submission detailing the hours worked and rates charged (Turetskaya Decl. Ex. D). *See, e.g., N.Y. City Dist. Council of Carpenters v. Metro Furniture Servs. LLC*, No. 11-cv-7074, 2012 U.S. Dist. LEXIS 142542, at *11-14 (S.D.N.Y. Sept. 28, 2012); *cf. New York City Dist. Council of Carpenters v. Gen-Cap Indus.*, No. 11-cv-8425, 2012 U.S. Dist. LEXIS 101291, at *12-18 (S.D.N.Y. July 20, 2012) (awarding attorney's fees under the court's equitable power based on the failure to abide by an arbitration award without justification). However, Plaintiff's request that it be awarded $2,500 in additional attorney's fees based on the arbitrator's award would amount to a double recovery and, to the extent the arbitrator awarded such prospective fees, it appears he may have exceeded his authority. *See Gen-Cap Indus.*, 2012 U.S. Dist. LEXIS 101291, at *13-14 (considering a prospective award of $2,500 in attorney's fees, involving the same plaintiff as in this case, and vacating that portion of the award as unauthorized under the CBA); *see also Metro Furniture Servs. LLC*, 2012 U.S. Dist. LEXIS 142542, at *12-14 (requiring additional briefing on this point).

### III.   CONCLUSION

For the reasons stated above, the Court confirms the arbitrator's award of wages, fringe benefits, and arbitrator's fees. Within two weeks of the date of this order, Plaintiff may submit authority demonstrating (1) that the arbitrator did not exceed his authority in awarding $2,500 in prospective attorney's fees and (2) demonstrating that an award of both the actual fees incurred

and this $2,500 fee would not amount to an impermissible double recovery. The Court defers ruling on Plaintiff's request for attorney's fees and costs in light of this unresolved issue.

SO ORDERED.

Dated: May 6, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge